IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMIE D. PEREZ, II,

    Plaintiff,

v.                                          No. 13-cv-0288 RB/SMV

GERALD MORRIS, JOSEPH GUANA,
ADAM ANAYA, and JOHN/JANE DOE,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendants' Motion for Summary Judgment [Doc. 28], filed on June 24, 2014. Plaintiff did not file a response to the Motion. On January 28, 2014, the Honorable Robert C. Brack, United States District Judge, referred this matter to me to for analysis and a recommended disposition. Order of Reference . . . [Doc. 18]. Having reviewed the pertinent pleadings and relevant law, and being otherwise fully advised in the premises, I recommend that Defendants' Motion for Summary Judgment [Doc. 28] be granted, and that Plaintiff's claims be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies.

**PROPOSED FINDINGS**

**Factual and Procedural Background**

1.    This is a pro se civil rights action brought under 42 U.S.C. § 1983. On March 25, 2013, Plaintiff filed his Complaint alleging constitutional violations during his incarceration at

the Guadalupe County Correctional Center ("GCCF").  [Doc. 1].  He filed an Amended Complaint on January 10, 2014.  [Doc. 15].

2. Defendants are employees of GCCF.  [Doc. 15].  Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments by (1) failing to place him into protective custody, which resulted in his being severely assaulted by two other inmates, and (2) subjecting him to excessive force when officers, who were attempting to break up the assault, sprayed pepper spray into his facial wounds. *See* [Doc. 15] at 2–4.

3. Defendants filed their Answer on April 22, 2014.  [Doc. 22].

4. Defendants filed their Motion for Summary Judgment and Memorandum of Law ("Motion") on June 24, 2014.  [Doc. 28].  The Motion contains the following undisputed material facts:

5. At the time Plaintiff filed his Complaint and his Amended Complaint, he was a New Mexico prisoner.  [Doc. 28] at 2, Defendants' Undisputed Material Fact ("UMF") No. 1.

6. At all times material to this lawsuit, an Inmate Grievance Policy and Procedure was in effect at GCCF.  *Id*. at UMF No. 2.

7. At all times material to this lawsuit, Plaintiff was aware of the existence of the Inmate Grievance Policy and Procedure, as he cites it verbatim throughout his Amended Complaint.  *Id*. at UMF No. 3.

8. Plaintiff did not file an informal complaint or grievance to address any of the issues raised in his Amended Complaint.  *Id*. at UMF No. 4.

9. Grievance forms were readily available to Plaintiff, and he had a variety of means at his disposal to timely file any grievance forms, including a grievance mailbox that existed within the housing unit at GCCF within which Plaintiff was confined. *Id*. at UMF No. 5.

### Legal Standard

10. Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. *See Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

11. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite being pro se, a pro se non-moving party must "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

### Exhaustion of Remedies

12. The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed

directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided, and that the suits which are brought have better documentation for the court to consider. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

13. Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth*, 532 U.S. at 739−40. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

14. In a suit governed by the PLRA, the burden of proof for the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, 263 Fed. Appx. 723, 726 (10th Cir. 2008).

15. Plaintiff does not dispute that he failed to exhaust his administrative remedies. *See generally* [Doc. 15]. Rather, he claims that he was confined in a segregation unit shortly after he was assaulted and that there was no "grievance mailbox" located in the unit. [Doc. 15]

at 8. A prisoner is only required to exhaust "available" remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1252–3 (10th Cir. 2011). Where prison officials hinder a prisoner's access to administrative remedies, those remedies cease to be available and a prisoner's requirement to exhaust them is excused. *Id*. District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

16. Attached as Exhibit A to Defendants' Motion is the Affidavit of Krystal Rivera ("Rivera"). [Doc. 28-1]. Rivera is the Grievance Lieutenant at GCCF. *Id.* at 1. She states that GCCF had an inmate grievance policy and procedure while Plaintiff was incarcerated, Policy CD-010100. *Id*. A copy of the policy is attached as an exhibit to Rivera's affidavit. *See* [Doc. 28-2]. It establishes that administrative remedies were available to Plaintiff at all times material to his allegations against Defendants. *Id.* at 1–2.

17. Rivera is the custodian of grievance materials at GCCF. *Id.* at 2. Grievance materials at GCCF are maintained indefinitely. *Id*. Rivera has access to and has reviewed GCCF's files regarding all grievances submitted while Plaintiff was incarcerated at GCCF. *Id.* Those files reflect that Plaintiff never filed a single grievance while incarcerated at GCCF. *Id*.

18. Rivera states that informal complaint forms and grievance forms were kept in a filing cabinet in the segregation unit where Plaintiff was housed, and that such forms were available to Plaintiff during the time he was housed in the segregation unit. [Doc. 28-1] at 3; *see also* [Doc. 28-10] (photograph of "Grievance Box").

19. According to Rivera, the "pod" in which Plaintiff was housed is monitored by a corrections officer who makes rounds every 20 minutes. *Id*. Grievance staff and other personnel also make regular rounds through the pod where Plaintiff was housed, and those personnel will provide grievance forms to inmates at any time upon request. *Id*.

20. Rivera further states that other inmates who, like Plaintiff, were housed in the segregation pod during the time of Plaintiff's incarceration submitted numerous grievances. *Id*. Copies of the grievances are attaches as Exhibit A8 to Defendants' Motion. *Id*.; [Doc. 28-9] (copies of inmate grievance forms).

21. Under Rule 56, if the moving party has made a prima facie showing that it is entitled to summary judgment, the burden of producing substantial evidence to demonstrate the existence of a genuine dispute as to a material fact shifts to the opposing party. *E.g.*, *Libertarian Party of New Mexico v. Herrera*, 506 F.3d 1303, 1309-1310 (10th Cir. 2007). The party opposing summary judgment must present substantial evidence that there are disputed facts; evidence that is merely colorable, or is not significantly probative, is not enough. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52 (1986). Merely restating a pleading, submitting new pleadings, or making bald assertions in a legal memorandum will not defeat a properly supported summary judgment motion. *Id*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

22. Although Plaintiff alleges that "no 'grievance' box was in the segregation unit," [Doc. 15] at 8, I find that his bald assertion, in light of the overwhelming evidence to the

contrary, *see* [Docs. 28-1 to 28-11], is insufficient to create a genuine issue of material fact. The uncontroverted evidence before me is that GCCF had a grievance procedure in place during the time period Plaintiff claims that Defendants violated his Constitutional rights, and that Plaintiff never filed a grievance concerning those claims.[1] Thus, he did not exhaust his administrative remedies. *Booth*, 532 U.S. at 733–34. I therefore find that all of Plaintiff's claims against Defendants should be dismissed without prejudice for failure to exhaust his administrative remedies. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) (A dismissal based on lack of exhaustion should ordinarily be without prejudice.).

**Conclusion**

23. Pursuant to the mandates of the PLRA, Plaintiff is required to exhaust all administrative remedies provided by the correctional institution prior to filing a lawsuit. Plaintiff's failure to comply mandates dismissal of his claims against Defendants.

**RECOMMENDED DISPOSITION**

I therefore respectfully recommend that Defendants' Motion for Summary Judgment [Doc. 28] be **GRANTED** and that all of Plaintiff's claims against Defendants be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Plaintiff claims that, "By the time [he] was transferred to and able to access grievance forms, the time for pursuing an administrative remedy had lapsed." [Doc. 15] at 8. However, beyond that conclusory statement, Plaintiff makes no effort to explain why he could not submit a grievance before he was transferred. For example, he does not state that he requested a grievance form from staff and was denied. Nor does he state that, once he was transferred, he attempted to file a grievance and was told that it would not be accepted because it was untimely.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**